UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20499-CIV-KING/DAMIAN

RICHARD RALPH MALCOLM,

    Plaintiff,

vs.

CITY OF MIAMI and SERGEANT SAMPSON,

    Defendants.

_____/

**ORDER ON PLAINTIFF'S MOTION TO PROCEED IN *FORMA PAUPERIS* AND REPORT AND RECOMMENDATION AS TO PLAINTIFF'S *PRO SE* COMPLAINT**

THIS CAUSE is before the Court upon *pro se* Plaintiff, Richard Ralph Malcolm's ("Plaintiff"), Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 3] (the "Motion"). The Motion was referred to the undersigned by the Honorable James Lawrence King, United States District Judge. [ECF. No. 4].

The undersigned has reviewed the Motion, Plaintiff's Complaint, and the pertinent portions of the record, and being otherwise fully advised in the premises, finds that the Motion should be denied and recommends that Plaintiff's *pro se* Complaint be dismissed for the reasons set forth below.

    **I. BACKGROUND**

On February 16, 2022, Plaintiff filed a *pro se* Complaint under the Civil Rights Act, 42 U.S.C. § 1983, seeking injunctive relief and $10,000,000 in damages. [ECF No. 1]. That same day, Plaintiff filed the Motion in the form of an Application to Proceed in District Court without Prepaying Fees or Costs (Short and Long Forms). [ECF No. 3]. In the Motion,

Plaintiff states that he is unemployed and receives $1,450.00 a month in disability payments and has zero dollars in cash or in a checking or savings account. Plaintiff also lists total monthly expenses of $2,050.00. Plaintiff further declares that he is unable to pay the costs of these proceedings.

## II.  APPLICABLE LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1914(a), "parties instituting a civil action, suit or proceeding in [a district] court, whether by original process, removal or otherwise" are required to "pay a filing fee of $[402.00]."[1] However, courts may permit parties proceed *in forma pauperis* to initiate a civil action "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). "There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (citing 28 U.S.C. § 1915).[2] The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Willliams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)).

A court has "wide discretion" in determining whether to grant or deny a motion pursuant to 28 U.S.C. § 1915(a). *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) ("This is especially true . . . in civil cases for damages, wherein the courts should grant the privilege sparingly." (citation omitted)). Therefore, pursuant to 28 U.S.C. §

---

[1] That fee includes a filing fee of $350.00 plus an administrative fee of $52.00 for a total of $402.00.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1915(e)(2), courts are required to dismiss a claim filed *in forma pauperis* "at any time if the court determines that . . . the allegation of poverty is untrue" or "the action or appeal is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A)–(B). A frivolous claim "lacks an arguable basis either in law or in fact . . . [and] embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S at 325 (citations omitted).

Although the court is required to show leniency to a *pro se* plaintiff's pleadings, her complaint is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, *pro se* complaints must "comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Under Federal Rule of Civil Procedure 8, a plaintiff must plead more "than labels and conclusions . . . [and] [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To proceed *in forma pauperis*, a litigant must file "in good faith an affidavit stating, *inter alia*, that he is unable to pay the costs of the lawsuit." *Id.* at 324. "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Martinez*, 364 F.3d at 1307 (quoting *Adkins*, 335 U.S. at 338–40). Moreover, "something more than mere statement and an affidavit that a man is poor should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 34 (S.D. Fla. 1984) (internal citation and quotation omitted). "Such an affidavit

will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307 (citing *Adkins*, 335 U.S. at 339). "The only determination to be made by the court under § 1915(a), therefore, is whether the statements in the affidavit satisfy the requirements of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976) (citations omitted).

### III. DISCUSSION

With the foregoing in mind, the undersigned turns to Plaintiff's request to proceed *in forma pauperis* and the allegations in Plaintiff's *pro se* Complaint. As a threshold matter, a review of the allegations in Plaintiff's Complaint indicate the Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

In the *pro se* Complaint, Plaintiff alleges that he has lived at a property located at "6845 NW 6 Court Miami, FL 33150" since November 2017. [ECF No. 1, at 2]. Plaintiff alleges that on or about January 31, 2022, he felt afraid for his safety and contacted the owners of the property who told Plaintiff to contact the City of Miami Police. *Id.* Plaintiff claims he called 911 and that "Sergeant Sampson" arrived at the property with four or five other law enforcement officers. The Complaint further alleges that Plaintiff told Sergeant Sampson that he was concerned for his own safety and showed Sergeant Sampson a copy of Plaintiff's current lease at the property. *Id.* Thereafter, Plaintiff alleges that Sergeant Sampson instructed Plaintiff to "immediately leave the property and not return or face arrest for trespass after warning." *Id.* at 2–3. Plaintiff then claims he asked Sergeant Sampson if he could retrieve some of his personal belongings from the property but was denied access. *Id.* at 3. Plaintiff further alleges that a female law enforcement officer stated, "If you don't leave now, I will

arrest you." *Id.* Plaintiff claims he left the property and is unable to return for fear of facing arrest. *Id.*

The undersigned finds the allegations by Plaintiff against these defendants under Section 1983 fail to state a cognizable claim for deprivation of federal statutory or constitutional rights. Plaintiff does not allege that he was ever placed under arrest or falsely charged with trespass. Rather, Plaintiff claims he obeyed the law enforcement officers' instructions and only alleges that he faced a fear of arrest during the incident as he was trying to re-enter the property. Moreover, "a law enforcement officer has discretion and enjoys immunity for his [or her] decision as to whether he or she will detain or arrest a person." *Novoferreiro v. Israel*, No. 14-62674, 2015 WL 2152682, at * 7 (S.D. Fla. May 6, 2015) (quoting *Mosby v. Harrell*, 909 So. 2d 323, 328 (Fla. 1st DCA 2005)).

Under 28 U.S.C. subsections 1915(e)(2)(B)(ii) and (iii), a court must dismiss a claim by a plaintiff proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted or if the complaint seeks monetary relief from an immune party. The undersigned finds that Plaintiff's Complaint is subject to dismissal for failing to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and for seeking damages from an immune party.

Furthermore, the undersigned finds that the affidavit in support of the Motion to proceed *in forma pauperis* is insufficient to reflect Plaintiff's inability to pay the court fees and costs. As the affidavit reflects, Plaintiff's household income ($1,450.00 monthly) totals $17,400.00, which exceeds the 2022 Poverty Guidelines for a family/household of one person (*i.e.*, $13,590.00) by $3,810.00. *See* Department of Health and Human Services, Office of the Secretary, Annual Update of the HHS Poverty Guidelines, 87 Federal Register 3315–3316

(Jan. 21, 2022). Plaintiff's total monthly income is slightly above the poverty level. However, Plaintiff's affidavit also lists monthly expenses of $2,050.00, which is more than Plaintiff states he receives in disability payments per month ($1,450.00). Therefore, it is unclear to the undersigned whether Plaintiff's income is limited to his disability income or whether he, in fact, receives additional income from other sources to pay for his monthly expenses that were not listed in the affidavit. Because the statements in Plaintiff's affidavit are unclear to determine whether they satisfy the requirements of poverty, Plaintiff has not demonstrated that he is "economically eligible" to proceed *in forma pauperis* under § 1915(a). *Watson*, 525 F.2d at 891.

## IV.  CONCLUSION

For all the reasons set forth above, the undersigned finds that Plaintiff's affidavit is insufficient to show that Plaintiff is unable to pay for the court fees and costs in this matter. The undersigned further finds that Plaintiff's *pro se* Complaint fails to state a claim upon which relief may be granted and seeks monetary relief against a defendant who is immune from such relief and is, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

Accordingly, it is hereby

ORDERED and ADJUDGED that Plaintiff's Motion to Proceed in *Forma Pauperis* [ECF No. 3] is **DENIED**.

It is further respectfully RECOMMENDED that Plaintiff's *pro se* Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii), for failure to state a claim upon which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable James Lawrence King, United States District Court Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE and ORDERED** in Chambers at Miami, Florida, this 7th day of March 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:   James Lawrence King, District Judge

   Richard Ralph Malcolm, *pro se* (via U.S. mail)
   P.O. Box 278204
   Miramar, FL 33027